UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAKOTA JAMES WEDGREN,

Plaintiff,

-against-

SGT. J. FIGUEROA; C.O. D. LOPEZ; C.O. JOHN DOE,

Defendants.

7:23-CV-8956 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff Dakota James Wedgren, who is currently incarcerated in the Fishkill Correctional Facility ("Fishkill"), brings this *pro se* action asserting that the Defendants have violated his federal constitutional rights. He seeks damages and the criminal prosecution of the Defendants, and sues: (1) Fishkill Correctional Sergeant J. Figueroa; (2) Fishkill Correctional Officer D. Lopez; and (3) unidentified Fishkill Correctional Officer "John Doe." The Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983.

By order dated October 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As discussed below, the Court: (1) directs service of Summonses and the Complaint on the identified Defendants; (2) directs the identified Defendants to comply with Local Civil Rule 33.2; and (3) directs the Attorney General of the State of New York to provide to the Court and Plaintiff the identities, badge numbers, and service addresses of all of the unidentified correctional officers, including "John Doe," whom Plaintiff alleges assaulted him on March 22, 2023, at Fishkill.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

A.      **Service on Figueroa and Lopez**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the Complaint on Figueroa and Lopez through the

U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for each of those Defendants.  The Clerk of Court is

further instructed to issue a Summons for each of those Defendants and deliver to the Marshals

Service all the paperwork necessary for the Marshals Service to effect service of Summonses and

the Complaint upon those Defendants.

If Summonses and the Complaint are not served on those Defendants within 90 days after

the date the Summonses are issued, Plaintiff should request an extension of time for service.  *See*

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served Summonses and the Complaint on Figueroa and Lopez until the Court reviewed the Complaint and ordered that Summonses for those Defendants be issued. The Court therefore extends the time to serve Figueroa and Lopez until 90 days after the date that Summonses are issued for those Defendants.

## B.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of Summonses and the Complaint, the identified Defendants (Figueroa and Lopez) must serve responses to those standard discovery requests.  In their responses, the identified Defendants must quote each request verbatim.[3]

## C.     Unidentified "John Doe" Defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the unidentified correctional officers referred to in Plaintiff's complaint, including "John Doe," whom Plaintiff alleges assaulted him on March 22, 2023, in Fishkill.

It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity, badge number, and service address of each of those unidentified correctional officers.  The Attorney General must provide this information to the Court and Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming, as a defendant, "John Doe," by his or her true identity and badge number, and, if he

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, he may request them from the court's Pro Se Intake Unit.

wishes, any other previously unidentified correctional officer alleged in his original Complaint to have assaulted him on March 22, 2023, in Fishkill, by his or her true identity and badge number. The amended complaint will replace, not supplement, the original Complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants and directing their compliance with Local Civil Rule 33.2.

**D.      New York Legal Assistance Group (NYLAG)**

Plaintiff may consult the legal clinic opened in this judicial district to assist people who are parties in civil cases, but who do not have lawyers. The clinic is operated by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or operated by, the court (and, among other things, therefore, it cannot accept filings on behalf of the Court, which must still be filed by a *pro se* party in the court's Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, New York, New York 10007. Once the paperwork is received, the clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the clinic to contact the litigant. Copies of the clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue Summonses for Defendants J. Figueroa and D. Lopez; complete USM-285 forms with the addresses of those Defendants; and deliver all documents necessary to effect service of summonses and the complaint on those Defendants to the U.S. Marshals Service.

The Court further directs the identified Defendants (Figueroa and Lopez) to comply with Local Civil Rule 33.2 within 120 days of service of summonses and the complaint.

The Court additionally directs the Clerk of Court to mail a copy of this order and the complaint to the Attorney General of the State of New York, at 28 Liberty Street, 16th Floor, New York, New York 10005.

An amended complaint form is attached to this order.

A flyer, retainer, and intake form from NYLAG are also attached to this order.

SO ORDERED.

Dated:     October 30, 2023
           White Plains, New York

_____
                KENNETH M. KARAS
                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  Correctional Sergeant J. Figueroa
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

2.  Correctional Officer D. Lopez
    Fishkill Correctional Facility
    18 Strack Drive
    Beacon, New York 12508-0307

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct
information is not provided, it could delay or prevent service of the complaint on the defendant.
Make sure that the defendants listed below are identical to those listed in the caption. Attach
additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

# NYLAG
New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____

Signature                                         Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

# NYLAG
**New York** | **Legal Assistance Group**

Name _____     Date of Birth _____

Facility _____

Identification # _____     Email (if available)_____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

