UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAKOTA JAMES WEDGREN,

                      Plaintiff,

          -against-

SGT. J FIGUEROA, et al.,

                      Defendants.

23-CV-8956 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On May 28, 2024, the Court issued an Order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Dkt. No. 19.) The Plaintiff has not communicated with the Court since October 11, 2023—when Plaintiff first filed his Complaint and requested to proceed in forma pauperis. (Dkt. Nos. 1–3.) To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court.[1] Accordingly, the Court dismisses the Action for failure to prosecute.

---

[1] The Court notes that on March 18, 2024, the Court issued an Order, granting the Office of the Attorney General of the State of New York's ("NYSOAG") request for an extension as to this Court's *Valentin* Order, (*see* Dkt. No. 17), which was mailed to the Plaintiff at the prison facility that he was housed at, as indicated on the docket, (*see* Dkt.). The Order was returned to the Clerk of the Court as undeliverable because Plaintiff was released. (*See* Dkt. (entry for March 18, 2024).) Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 4 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."); Dkt. No. 6 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.")

Because Plaintiff did not provide an updated mailing address, the Court's Order to Show Cause was mailed to the prison facility that Plaintiff was housed at, as indicated on the docket. (*See* Dkt. No. 19.) To date, the Order to Show Cause has not been returned as undeliverable. (*See* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 4 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."); Dkt. No. 6 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.")  Nonetheless, Plaintiff has not provided the Court with an updated address.  (*See* Dkt. (entry for March 18, 2024 (noting mail was returned to the Clerk of the Court)).)  Plaintiff has not communicated with the Court regarding this Action since October 11, 2023.  (*See* Dkt. Nos. 1-3.)  The Court's Order to Show Cause, mailed to Plaintiff on May 28, 2024, indicated that Plaintiff's failure to show cause within thirty days would result in the Court dismissing the case with prejudice without further notice.  (Dkt. No. 19.)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4

3

(S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully requested to close this case and to mail a copy of this Order to Plaintiff at the address listed on the docket.

 SO ORDERED.

 Dated: July 10, 2024
          White Plains, New York

_____
          KENNETH M. KARAS
          UNITED STATES DISTRICT JUDGE